[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-10629

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MANUEL MIGUEL-FRANCISCO,
a.k.a. Jorge Bertoni-Trujillo,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:23-cr-80127-RS-1

_____

Before NEWSOM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Manuel Miguel-Francisco was sentenced to 48 months in prison after he pleaded guilty to illegally reentering the United States following removal. On appeal, he argues that his sentence is both procedurally and substantively unreasonable. We disagree and affirm his conviction.

## I.

After arresting Miguel-Francisco for a domestic-battery offense in June 2023, authorities discovered that he had unlawfully reentered the United States following multiple prior removals. He was indicted for violating 8 U.S.C. §§ 1326(a), (b)(1), which criminalize illegal reentry into the United States after removal without having obtained consent to reapply for admission. He pleaded guilty and agreed to a factual proffer.

A presentence investigation report revealed that Miguel-Francisco's 2023 arrest was far from his first brush with the law. Over the last twenty years, he had been repeatedly arrested for driving under the influence and driving without a valid license. And in 2009, he was adjudicated guilty and sentenced to over two years' imprisonment for fraudulently obtaining a driver's license and crashing a vehicle while driving under the influence, killing the mother of his fifth child. During that same period, Miguel-Francisco had also been arrested for domestic battery and used twelve different aliases. These crimes alerted authorities to his presence;

24-10629            Opinion of the Court                    3

as a result, he had already been removed from the United States three times.

The presentence report calculated a Sentencing Guidelines range of 18-24 months' imprisonment. The government requested the top end of that sentence, 24 months. The district court went even higher, sentencing Miguel-Francisco to 48 months' imprisonment followed by two years of supervised release. He now appeals that sentence.

## II.

We review the reasonableness of "all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *United States v. Overstreet*, 713 F.3d 627, 636 (11th Cir. 2021). The "party challenging the sentence bears the burden of showing it is unreasonable." *United States v. Boone*, 97 F.4th 1331, 1339 (11th Cir. 2024).

## III.

Miguel-Francisco raises two issues on appeal. *First*, he argues that his sentence is procedurally unreasonable because the district court failed to consider certain § 3553(a) factors related to his "history during his formative years." *Second*, he asserts that his sentence is substantively unreasonable because the district court failed to properly weigh the sentencing factors. Neither argument persuades us.

## A.

Miguel-Francisco asserts that the district court erred by failing to account for his troubled youth.[1]  To evaluate a procedural reasonableness claim like this one, we consider "whether the district court committed any significant procedural error, such as miscalculating the advisory guideline range, treating the Sentencing Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *United States v. Trailer*, 827 F.3d 933, 936 (11th Cir. 2016) (footnote omitted).  The § 3553(a) factors include "the nature and circumstances of the offense and the history and characteristics of the defendant."  18 U.S.C. § 3553(a)(1).  Courts likewise consider the need for the sentence "'to reflect the seriousness of the offense, to promote respect for the law,' 'to provide just punishment for the offense,' 'to afford adequate deterrence to criminal conduct,' and 'to protect the public from further crimes of the defendant.'" *United States v. Riley*, 995 F.3d 1272, 1278–79 (11th Cir. 2021) (quoting 18 U.S.C. § 3553(a)(2)).

Here there was no error.  During the allocution, the court listened to testimony about Miguel-Francisco's childhood and struggles with alcohol.  The court emphasized that "[f]irst and foremost," it "looks at each individual on its own basis" when

---

[1] The government argues that plain error review applies because Miguel-Francisco did not object to the procedural reasonableness of his sentence below. We need not address that issue because Miguel-Francisco's argument fails under ordinary review.

sentencing a defendant, and that it "considered the statements of all the parties," as well as "the presentence report[,] which contains the advisory guidelines and the statutory factors as set forth in 18 United States Code Section 3553(a)." Because "the district court is not required to incant specific language or articulate its consideration of each individual § 3553(a) factor," this is all that was required. *United States v. Cabezas-Montano*, 949 F.3d 567, 609 (11th Cir. 2020). Indeed, an "acknowledgement the district court has considered the defendant's arguments and the § 3553(a) factors will suffice." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

## B.

Miguel-Francisco next contends that his sentence is substantively unreasonable because the district court failed to properly weigh the § 3553(a) factors. We disagree.

This Court determines "whether the sentence is substantively reasonable given the totality of the circumstances and the sentencing factors set out in 18 U.S.C. § 3553(a)." *Boone*, 97 F.4th at 1338. A sentence is not substantively unreasonable unless "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the 18 U.S.C. § 3553(a) factors" to arrive at a sentence outside the Guidelines range. *Riley*, 995 F.3d at 1278 (alteration adopted and quotation omitted).

We see no error in how the district court weighed the § 3553(a) factors here. A district court's "discretion in weighing sentencing factors is particularly pronounced when it comes to

weighing criminal history." *Id.* at 1279; *see also United States v. Rosales-Bruno*, 789 F.3d 1249, 1261 (11th Cir. 2015) (same). Highlighting the defendant's "severe criminal history," pattern of "endangering the lives of others," and "total lack of respect for the law," the court conducted a detailed "individualized assessment based on the facts presented." *Gall*, 552 U.S. at 50. In so doing, the district court paid careful attention to Miguel-Francisco's proffered mitigating evidence, finding that it was outweighed by his history of domestic violence (which included striking his girlfriend when she was eight months pregnant), possession of "probably a dozen aliases," and lack of "intention of complying with the law." These factors represented "a justification compelling enough to support the degree of the variance." *United States v. Dougherty*, 754 F.3d 1353, 1362 (11th Cir. 2014).

Miguel-Francisco's prior incarceration also justified the upward variance. The district court noted that Miguel-Francisco had previously been incarcerated for two years yet "continue[d] to violate the law" and to "place people in the United States at risk at his hands." The court therefore imposed a sentence above the guidelines for "the first time . . . for a case like this." That Miguel-Francisco's 48-month sentence was "well below the statutory maximum" of 120 months further "favor[s] its reasonableness." *United States v. Stanley*, 739 F.3d 633, 656 (11th Cir. 2014); *Rosales-Bruno*, 789 F.3d at 1257.

\*     \*     \*

Miguel-Francisco's sentence was neither procedurally nor substantively unreasonable. We therefore **AFFIRM**.